UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER PAUGH, Individually and as a Natural Guardian of K.P., a minor,<br>           Plaintiff,<br><br>    vs.<br><br>I-FLOW, INC., DARLENE ROWLAND, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, ZENECA HOLDINGS, INC., APP PHARMACEUTICALS, INC., ABRAXIS BIOSCIENCE, INC., and HOSPIRA, INC.,<br>           Defendants. | 1:08-cv-00864-RLY-TAB |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND**

Jennifer Paugh ("Plaintiff") initiated an action against I-Flow, Inc. ("I-Flow") and Darlene Rowland ("Rowland') (collectively "Defendants") in the Superior Court of Hendricks County, Indiana on December 20, 2007.[1] On June 25, 2008, I-Flow and Rowland removed the action to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. §§ 1332 and 1441(a). Now before the court is Plaintiff's Motion To Remand and request for costs and attorney fees. Plaintiff argues that Defendants' Notice of Removal was untimely. Plaintiff also argues that the Notice of Removal was improper because Rowland is a properly named defendant whose presence

---

[1] In the documentation surrounding this motion and in the Notice of Removal, Defendants and Plaintiff have listed December 20, 2007, December 26, 2007, January 9, 2008, and February 29, 2008, as the date this action was originally commenced in Hendricks Superior Court. As the state court docket is not before the court, the court will use the date listed on the Complaint, which is December 20, 2007.

1

destroys complete diversity of citizenship,[2] the only basis for federal jurisdiction in this case.  For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**, and her request for costs and attorney fees is **DENIED**..

## I.     Background

Plaintiff filed a complaint against Defendants in Hendricks Superior Court on December 20, 2007, asserting claims against both I-Flow and Rowland under the Indiana Product Liability Act.  (Docket # 1-1 ("Complaint")).  On May 5, 2008, Plaintiff sent a letter to counsel for the Defendants rejecting Defendants' proposal for Plaintiff to dismiss Rowland as a defendant in exchange for a stipulation that at all relevant times Rowland was operating within the course and scope of her employment with I-Flow.  (Docket # 10-1).  In this letter, Defendants were also advised of Plaintiff's intent to amend her complaint.

On May 16, 2008, Plaintiff filed a Motion for Leave to File Amended Complaint.  (Docket # 1-5).  The motion was granted and Plaintiff's Amended Complaint was accepted for filing on May 26, 2008.  (Docket # 1-6).  In the Amended Complaint, Plaintiff set out additional factual allegations, added a count of fraud, and named several additional defendants.[3]  Defendants removed the action to this court on June 25, 2008,

---

[2]Plaintiff and Rowland are both Indiana residents.

[3]These defendants are AstraZeneca Pharmaceuticals, LP, AstraZeneca LP, Zeneca Holdings, Inc., APP Pharmaceuticals, Inc., APP Pharmaceuticals, LLC, Abraxis Bioscience, Inc., and Hospira, Inc. (collectively "Pharmaceutical Defendants").  The Pharmaceutical Defendants have yet to be served in this matter.

based on the diversity of Plaintiff, I-Flow, and the Pharmaceutical Defendants and alleging that Rowland was fraudulently joined. (Docket # 1 ("Notice of Removal")). On July 25, 2008, Plaintiff filed her Motion to Remand.

## II.     Discussion

Chapter 28 U.S.C. § 1446 outlines the procedure for removal of a case to federal court. Pursuant to the statute, "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). If the initial pleading does not indicate that the case is removable, the defendant then has thirty days after the receipt of an amended pleading, motion, order, or other paper by which it is ascertainable that the case is removable to file the notice of removal. *Id.* If a case is not removed within the thirty day time limit, it is not removable thereafter. *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982), *cert. denied*, 459 U.S. 831 (1982).

Defendants allege that removal to this court was proper because the only non-diverse defendant, Rowland, was fraudulently joined. "Fraudulent joinder occurs when either there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been an outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (*quoting Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). As Defendants do not allege there has been an "outright fraud"

in Plaintiff's Complaint, the relevant inquiry concerns when Defendants had sufficient notice that Plaintiff could not establish a cause of action against Rowland in state court.[4]

In their Opposition to Plaintiff's Motion to Remand, Defendants state that "it is indisputable that Defendants could not ascertain that Rowland was misjoined or fraudulently joined on the face of Plaintiff's Complaint or Amended Complaint." (Docket # 11 at 6). Defendants go on to assert that their "thirty day deadline to seek removal based on fraudulent joinder has technically not begun to run." *Id.* It appears that Defendants are arguing that the deadline has not begun to run because they have not received confirmation that Plaintiff's intent in naming Rowland as a defendant was to defeat diversity jurisdiction. This is an incorrect statement of the law.

Defendants cite no cases stating that the intent of the Plaintiff is necessary to prove fraudulent joinder. In fact, the Seventh Circuit has held that fraudulent joinder exists when there is "a claim against an in-state defendant that simply has no chance of success, *whatever the plaintiff's motives*." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (citations omitted) (emphasis added). Defendants' thirty day time period to remove to federal court began to run when they had reason to believe that Plaintiff's claims against Rowland had no chance of success, not when Defendants had reason to believe that Plaintiff's intent in joining Rowland was to defeat diversity jurisdiction.

---

[4] As the court finds that this case must be remanded to state court due to Defendants' failure to remove within the statutorily allotted time period, the court does not reach the merits of Plaintiff's claims against Rowland. The court considers only when Defendants had sufficient information to put them on notice that Plaintiff might not have a viable claim against Rowland.

Defendants could have ascertained that Plaintiff did not have any viable claim against Rowland upon receipt of Plaintiff's original Complaint. All of the claims made by Plaintiff against Rowland in the original Complaint are governed by the Indiana Product Liability Act. In their Opposition to Plaintiff's Motion for Remand, Defendants argue that Plaintiff's claims against Rowland have no possibility of success because Rowland does not fall within the scope of the Indiana Product Liability Act, as she is not a "seller"or "manufacturer" as defined by the Act. If the Defendants can argue that Rowland does not fall within the province of the Act now, there is no plausible reason why they could not have made that argument based on the face of the Complaint. The thirty day time limit imposed by 28 U.S.C. §1446(b) began to run when Defendants received a copy of Plaintiff's original Complaint.

Although there is some dispute as to when Defendants were served with the Complaint,[5] it had to have been received by at least February 2, 2008, because that is when Defendants dated their Answer. (Docket # 1-5). Defendants did not file their Notice of Removal until June 25, 2008, placing them well beyond the thirty day time limit. As Defendants did not remove the action to federal court within the time period allotted by the relevant statute, removal is not permissible.

Plaintiff requests that she be awarded costs and attorney fees incurred as a result of Defendants' removal to federal court. "Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

---

[5]Plaintiff asserts that Defendants were served on December 28, 2007.

removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  Here, the court agrees with Defendants that they did have an objectively reasonable basis for seeking removal.  Therefore, Plaintiff is not entitled to costs and attorney fees.

### III.  Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Docket # 9) is **GRANTED**.  Plaintiff's request for costs and attorney fees is **DENIED**.

**SO ORDERED** this 22nd day of September 2008.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

John J. Cord
JANET JENNER & SUGGS LLC
jcord@medlawlegalteam.com

Robert K. Jenner
JANET JENNER & SUGGS LLC
rjenner@medlawlegalteam.com

Elizabeth J. Doepken
COHEN & MALAD LLP
edoepken@cohenandmalad.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Jeff S. Gibson
COHEN & MALAD LLP
jgibson@cohenandmalad.com

Amy K. Fisher
ICE MILLER LLP
amy.fisher@icemiller.com

Bonnie L. Gallivan
ICE MILLER LLP
gallivan@icemiller.com

Katherine A. Winchester
ICE MILLER LLP
winchest@icemiller.com

Ryan Andrew Hamilton
BAKER & DANIELS LLP
ryan.hamilton@bakerd.com

Thomas G. Stayton
BAKER & DANIELS LLP
tstayton@bakerd.com

Lee B. McTurnan
BINGHAM MCHALE LLP
lmcturnan@binghammchale.com